STATE EX REL. UTILITIES COMM. v. ATTORNEY GENERAL THORNBURG

[111 N.C. App. 903 (1993)]

---

STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION, THE PUBLIC STAFF OF THE UTILITIES COMMISSION, METRO MOBILE CTS OF CHARLOTTE, INC., GTE MOBILE COMMUNICATIONS INC., CONTEL CELLULAR COMPANY, GENERAL CELLULAR CORPORATION, BLUE RIDGE CELLULAR TELEPHONE COMPANY, G.M.D. LIMITED PARTNERSHIP, CENTEL CELLULAR COMPANY, N.C. RSA 2 CELLULAR TELEPHONE COMPANY, N.C. RSA 3 CELLULAR TELEPHONE COMPANY, CELLCOM OF HICKORY, INC., ALLTEL MOBILE COMMUNICATIONS, INC., UNITED STATES CELLULAR CORPORATION, N.C. CELLULAR ASSOCIATION, INC., CAROLINA TELE-PHONE & TELEGRAPH COMPANY, INC., AND EASTERN RADIO SERVICE, APPELLEES v. ATTORNEY GENERAL LACY H. THORNBURG, INTERVENOR APPELLANT

No. 9210UC652

(Filed 7 September 1993)

1. **Telecommunications § 1.1 (NCI3d)— cellular telephone service—competitiveness**

There was no merit to appellant's contention that cellular service could not, by definition, be competitive over the entire state because only one carrier was in operation in some RSAs, since 70% of North Carolina was served by two carriers at the time of the hearing and two carriers would soon be operating in every area; there was no requirement that every RSA contain two carriers before the Utilities Commission could find that cellular service was competitive in the state as a whole;

STATE ex rel. UTILITIES COMM. v. ATTORNEY GENERAL THORNBURG

[111 N.C. App. 903 (1993)]

and the Commission could properly view North Carolina as one market, not as the sum of many smaller markets.

**Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices § 37.**

2. **Telecommunications § 1.1 (NCI3d) — deregulation of cellular service in public interest—no error of law**

The finding by the Utilities Commission that deregulating cellular service was in the public interest was not an error of law.

**Am Jur 2d, Administrative Law § 657.**

Appeal by intervenor from order entered 14 February 1992 by the North Carolina Utilities Commission. Heard in the Court of Appeals 24 May 1993.

The facts of this case are identical to those in the companion case *State ex rel. Utilities Comm'n v. North Carolina Cellular Ass'n, Inc.*, 111 N.C. App. 801 (1993), which is filed simultaneously with this opinion. We need not repeat those facts here.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Karen E. Long, intervenor appellant.*

*Parker, Poe, Adams & Bernstein, by Henry C. Campen, Jr., for petitioner appellees GTE Mobile Communications, Inc., Contel Cellular Corporation, General Cellular Corporation, Blue Ridge Cellular Company, and G.M.D. Limited Partnership.*

*Crisp, Davis, Schwentker, Page, Currin & Nichols, by Robert F. Page, for petitioner appellees Centel Cellular Company, N.C. RSA 2 Cellular Telephone Company, and N.C. RSA 3 Cellular Telephone Company.*

*Public Staff/Utilities Commission, by Staff Attorney Robert B. Cauthen, Jr., appellee.*

*Bode, Call & Green, by Robert W. Kaylor, for petitioner appellee Metro Mobile CTS of Charlotte, Inc.*

*Burns, Day & Presnell, by F. Kent Burns, for petitioner appellees ALLTEL Mobile Communications, Inc. and United States Cellular Corporation.*

*Kennedy, Covington, Lobdell & Hickman, by James P. Cooney, III, for petitioner appellee Cellcom of Hickory, Inc.*

STATE EX REL. UTILITIES COMM. v. ATTORNEY GENERAL THORNBURG

[111 N.C. App. 903 (1993)]

ARNOLD, Chief Judge.

[1] Appellant first argues that (1) the Commission exceeded its statutory authority when it found that the provision of cellular service in North Carolina is competitive and (2) the Commission's finding of competition is an error of law. Essentially the argument is that cellular service cannot, by definition, be competitive over the entire state because only one carrier is in operation in some RSAs, so the Commission's finding of competition and its order deregulating cellular service throughout the entire state should be reversed. Presented this way the question becomes, was the status of the cellular telephone service market at the time of the hearing sufficient to constitute competition within the meaning of N.C. Gen. Stat. § 62-125 (Cum. Supp. 1992)? We believe it was.

As discussed in the *Cellular Ass'n* case, there was evidence that seventy percent of North Carolina was served by two carriers at the time of the hearing and that two carriers soon will be operating in every area. The evidence also showed that the impending presence of a second carrier made an existing carrier behave competitively.

There is no requirement that every RSA contain two carriers before the Commission may find that cellular service is competitive in the state as a whole. The statute only requires a finding that cellular service is competitive in North Carolina. The Commission viewed North Carolina as one market, not as the sum of many smaller markets. In light of the imminent presence of two carriers in each RSA, and the influence of competition in those RSAs with only one carrier, we find no error in this approach, and we believe the statute requires nothing more. The Commission did not, therefore, exceed its statutory authority, nor did it commit an error of law in finding that the provision of cellular service in North Carolina is competitive.

Appellant also argues that the Commission's finding that cellular service is competitive is not supported by substantial and competent evidence. We decided this issue in *Cellular Ass'n*, so there is no need to address it here.

[2] Appellant next argues that the Commission's finding that deregulation is in the public interest is an error of law. Although the alleged error is designated an "error of law," appellant's argument seems to be that the finding is not supported by substantial

and competent evidence. No matter how we view the argument though, we do not agree with appellant. We held in *Cellular Ass'n* that this finding was supported by substantial and competent evidence. We now hold that the finding is not an error of law. The weighing of evidence and judgment thereon, as to questions within the scope of its powers, are for the Commission. *See State ex rel. Utilities Comm'n v. Carolina Coach Co.*, 260 N.C. 43, 54, 132 S.E.2d 249, 257 (1963). This includes the determination of what is in the public interest. *See id.* at 52, 132 S.E.2d at 255 (what constitutes "public convenience and necessity" is primarily an administrative question). After weighing the evidence, the Commission determined that deregulation is in the public interest. We see no reason to disturb this finding.

Next, appellant argues that this finding was arbitrary and capricious. In its order, after reciting many aspects of deregulation which are in the public interest, the Commission addressed one of appellant's main concerns — the handling of consumer complaints in the absence of regulation. The Commission set out several alternatives to the current scheme and finally stated that "consumers of cellular service will have available to them a remedy not available to consumers of monopoly services, they may choose another service provider." Appellant argues that this reasoning is arbitrary and capricious because, at the time of the hearing, some RSAs were served by only one provider. Assuming this particular reasoning is arbitrary and capricious, it does not affect the soundness of the Commission's finding. The Commission's finding is fully supported with additional substantial and competent evidence that deregulation is in the public interest. It is evident from the record, especially in the Commission's detailed description of the evidence it relied upon in making the finding, that the Commission gave this question careful consideration and displayed a reasoned judgment.

We reviewed appellant's remaining argument and are not persuaded by it. That part of the order appealed by intervenor appellant is

Affirmed.

Judges ORR and MARTIN concur.